Case 4:19-cv-03889   Document 1-4   Filed on 10/08/19 in TXSD   Page 1 of 13

9/27/2019 7:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37213088
By: Joshua Hall
Filed: 9/27/2019 7:34 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **WESTMOUNT INC. D/B/A FAIRWAY FOODSTORE, FORUM REALITY INC. AND AMINA INAYATALIA** | § § § § § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs*, | § § | |
| v. | § § | |
| **GREAT LAKES INSURANCE SE** | § § § | **HARRIS COUNTY, TEXAS** |
| *Defendant.* | § § | **___ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**WESTMOUNT INC. D/B/A FAIRWAY FOODSTORE, FORUM REALITY INC. AND AMINA INAYATALIA** ("Plaintiffs"), complains of **GREAT LAKES INSURANCE SE** and ("Defendants") and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2. Plaintiff(s) reside in Harris County, Texas.

3. Defendant **GREAT LAKES INSURANCE SE** is an insurance company engaging in the business of insurance in Texas. This defendant may be served with process through The Texas Commissioner of Insurance c/o Texas Department of Insurance 333 Guadalupe, Austin Texas,


EXHIBIT C-1

with the commissioner/TDI forwarding to Drinkle Biddle 1177 Avenue of Americas, FL 41, New York, New York 10036-2714. The Clerk is requested to issue Citations, immediately.

### III.
### JURISDICTION

4. Plaintiff seeks monetary relief over $1,000,000, excluding interest and costs. Such damages sought are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

5. The court has jurisdiction over Defendants because these Defendants engage in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

### IV.
### VENUE

6. Venue is proper in Harris County, Texas, because the insured Properties giving rise to this cause of action is situated in Harris County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

### V.
### NOTICE AND CONDITIONS PRECEDENT

7. Defendants have been provided notice, in writing, of the Claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

8. All conditions precedent necessary to maintain this action and the Claims under the Policy have been performed, occurred, or have been waived by Defendants; and/or Defendants are otherwise estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract.

### VI.

# FACTS

9. Plaintiff is the owner of certain real Properties with improvement (including Plaintiffs' homes):

    A. **WESTMOUNT INC. D/B/A FAIRWAY FOODSTORE, 10730 WICKLOWE ST HOUSTON, TX 77016; and**

    B. **FORUM REALTY INC. AND AMINA INAYATALIA 10101 BISSONNET ST. HOUSTON, TEXAS 77036**

(the "Properties"). The Properties was insured by insurance policy number issued by Defendants (the "Policy"). Plaintiffs are the owners of the Policy and the named insured on the Policy.

10. On or about during the time of Hurricane Harvey, or another time when the Policy was in effect, a severe storm caused substantial damage to the Properties and constituted a covered loss under the Policy. After the loss, Plaintiff made a Claims and demand for payment on Defendants for damages to the Properties and other damages covered by the terms of the Policy (the "Claims"). After Plaintiff made the Claims, Defendants assigned or otherwise retained its employees and/or agents Defendant Adjustors to work on Plaintiff's Claims. All Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's Claims. Further, Defendants has refused to pay all amounts due and owing under the Policy for the Claims.

11. Defendant Adjustors made numerous errors in estimating the value of Plaintiff's Claims, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant Adjustors failed to fully quantify Plaintiff's damages, thus demonstrating that this defendant did not conduct a thorough investigation of Plaintiff's Claims. Defendant conducted a substandard investigation of Plaintiff's Claims, evidenced by the estimate issued by Defendant Adjustors and relied upon by Defendant Adjustors. The damage estimate failed to include all

damages to Plaintiff's Properties. The damages Defendant Adjustors included in the estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained. Defendants failed to thoroughly review and properly supervise the adjustment of the Claims, including the inspection of the Properties, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's Claims. Further, Defendant Adjustors knowingly and intentionally overlooked damages at the Properties and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's Claims. Because of Defendant Adjustor's conduct, Plaintiff's Claims was underpaid and partially-denied.

12. Defendants failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendants refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Properties and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff. Defendants' conduct constitutes a breach of the contract between Defendants and Plaintiff.

13. All Defendants misrepresented to Plaintiff that much of the damage to the Properties was not covered under the Policy, even though the damage was covered by the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

14. All Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claims, when Great Lakes's liability was reasonably clear. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

15. All Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any

explanation why full payment was not being made. Furthermore, All Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's Claims. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

16. All Defendants failed to affirm or deny coverage of Plaintiff's Claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire Claims, in writing from Defendants. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

17. All Defendants refused to fully compensate Plaintiff for the Claims without conducting a reasonable investigation of the Claims. Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiff's Claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claims. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

18. Defendants failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's Claims, beginning an investigation of Plaintiff's Claims and requesting all information reasonably necessary to investigate Plaintiff's Claims within the statutorily mandated time of receiving notice of Plaintiff's Claims. Defendant Great Lakes's conduct constitutes a violation of TEX.INS.CODE §542.055.

19. Defendants failed to accept or deny Plaintiff's full and entire Claims within the statutorily mandated time of receiving all necessary information. Defendant Great Lakes's conduct constitutes a violation of TEX.INS.CODE §542.056.

20. Defendants failed to meet its obligations under the Texas Insurance Code regarding payment of Claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's Claims longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's Claims. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.058.

21. From and after the time Plaintiff's Claims was presented to Defendant Great Lakes, the liability of Defendants to pay the full Claims in accordance with the terms of the Policy was reasonably clear. However, Defendants has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

22. All Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

23. Because of all Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANTS

24. Defendants are liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A. Breach of Contract.

25. The Policy is a valid, binding and enforceable contract between Plaintiff and Defendants. Defendants breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendants' breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendants are estopped from raising the issue due to Defendants' prior breach of the insurance contract.

### B. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

26. The conduct, acts, and/or omissions by Defendants constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

27. Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

28. Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claims, even though Defendant Great Lakes's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

29. Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the Claims, constitutes an unfair method

of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

30. Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

31. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's Claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

32. Defendants' conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendants refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

    C.    **Prompt Payment Of Claims Violations.**

33. The Claims is a Claims under an insurance policy with Defendants of which Plaintiff gave Defendants proper notice. Defendants is liable for the Claims. Defendants violated the prompt payment of Claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

    a) Failing to acknowledge receipt of the Claims, commence investigation of the Claims, and/or request from Plaintiff all items, statements, and forms that Defendants reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

    b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claims within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

c) Delaying payment of the Claims following Defendant Great Lakes's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

34. Defendants' violations of these prompt payment of Claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### D. Breach Of The Duty Of Good Faith And Fair Dealing.

35. Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claims when Defendants knew or should have known that its liability to Plaintiff was reasonably clear. Defendants' conduct proximately caused Plaintiff injuries and damages.

## VIII.
## CAUSES OF ACTION AGAINST DEFENDANT ADJUSTORS

36. Defendant Adjustors is an insurance adjuster that was assigned or otherwise engaged by Adjustors to adjust the Claims.

### A. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

37. The conduct, acts, and/or omissions by Defendant Adjustors, while adjusting the Claims constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

38. Defendant Adjustors is individually liable for unfair and deceptive acts, irrespective of the fact this Defendant was acting on behalf of Defendant Adjustors, because Defendant Adjustors is a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2)

(emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

39. The unfair settlement practices of Defendant Adjustors, as described above, in misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

40. The unfair settlement practices of Defendant Adjustors, as described above, in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claims, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

41. The unfair settlement practices of Defendant Adjustors, as described above, in failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's Claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

42. The unfair settlement practices of Defendant Adjustors as described above, in failing within a reasonable time to affirm or deny coverage of the Claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

43. The unfair settlement practices of Defendant Adjustors, as described above, in refusing to pay Plaintiff's Claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

44. The unfair settlement practices of Defendant Adjustors, as described above, compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant Adjustors refused to even offer more than their own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

## IX.
## KNOWLEDGE

45. Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## X.
## DAMAGES

46. Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

47. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's Claims, together with attorney fees.

48. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of

the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

49. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's Claims, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's Claims as damages, together with attorney's fees. TEX.INS.CODE §542.060.

50. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

51. For the prosecution and collection of this Claims, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XI.
## JURY DEMAND

52. Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XII.
## REQUEST FOR DISCLOSURE

53. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

# XIII.
# PRAYER

54. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE BARTON LAW FIRM**

By: *s/ Wayne D. Collins*
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
WAYNE D. COLLLINS
State Bar No. 00796384
wcollin@bartonlawgroup.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax
Email for Service: eservice@bartonlawgroup.com